UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E GILMORE-WEBSTER, <br> Plaintiff, <br> v. <br> BAYOU CITY HOMEBUYERS INC, et al., <br> Defendants. | Case No. 18-cv-05702-JSC <br><br> **ORDER GRANTING MOTION TO TRANSFER** <br><br> Re: Dkt. Nos. 9, 20, 28, 36 |

Plaintiff Kevin E. Gilmore-Webster alleges that Defendants have committed: (1) Slander of Title; (2) Trespassing; Vandalizing, and Tampering; (3) Negligence; (4) Racketeering; and (5) Engaging in Insurance Business prohibited by Texas law arising from their purchase, attempts to sell, and financial transactions concerning a Houston, Texas property. Plaintiff requests that the Court grant quiet title to the heirs. Four of the five defendants--Bayou City Homebuyers, Tetrad Development, Ace Realty Partners, and South Land Title--have filed motions to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue to the Southern District of Texas.[1] (Dkt. Nos. 9, 20, 28, 36.) The remaining defendant, Renters Warehouse LLC, has moved to dismiss based on insufficient service of process and failure to state a claim, or in the alternative, to transfer venue to the Southern District of Texas. (Dkt. No. 28.) After carefully considering the parties' submissions, the Court determines that it lacks personal jurisdiction of four of the five defendants and that service on Renters Warehouse was improper. The Court orders Plaintiff to properly serve Renters Warehouse, and transfers the action to the Southern District of Texas-Houston Division.

**BACKGROUND**

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 3, 13, 29, 46.)

United States District Court
Northern District of California

**A. Factual Background**

Plaintiff, a California resident, is the trustee of the Carl Lee Thomas and Anna B. Thomas Estate which includes the property located at 2817 Eagle St., Houston, Texas (the "Houston property"). (Complaint ¶¶ 8, 9.[2]) Plaintiff is the grandson of Carl Lee Thomas. The original owners of the Houston property, J. B. Thomas and Nellie Thomas, left the property to their sole heirs Carl Lee Thomas and Louise Thomas Neal, both of whom resided in California at the time of their death. (*Id.* ¶ 9.) Sometime before their death, Carl Lee and Louise filed, executed, witnessed and notarized a trust in Alameda County, California; the property was one of the assets of the trust. (*Id.* ¶ 9.)

Defendant Bayou City is a Texas corporation with its principal office located in Houston, Texas, which buys and sells homes in the Houston area. (Dkt. No. 10 ¶ 7.) In 2016, Bayou City purchased the Houston property from a Texas company. (*Id.*) Bayou City thereafter renovated and remodeled the property and listed it for sale. (*Id.* at ¶ 8.) Defendants Ace Realty and Tetrad are money lenders incorporated in Texas with their principal place of business in Houston. (Dkt. No. 20-1 ¶¶ 3, 7.) On July 26, 2018, Defendant Renters, a Minnesota company with its principal office located in Eden Prairie, Minnesota, listed the Houston property for sale at $369,000. (Complaint ¶¶ 3, 20.) Renters listed the property without Plaintiff's signed agreement. (*Id.* ¶ 35.) Additionally, Renters' and Bayou City's principal, Jim Youngblood, has continued to try to sell the property without Plaintiff's consent despite knowing that the property is held in trust. (*Id.* ¶¶ 37, 39.) Further, Renters' listing agent, Melissa Youngblood, has attempted to sell the property without an active real estate license in Texas. (*Id.* ¶ 35.)

The 2016 sale and the 2018 listing of the Houston property were not authorized. (*Id.* ¶ 32.) Further, Bayou City and Renters destroyed the interior of the property by demolishing the living space, the garage, built-in and heirlooms, walls, and making changes in façade and structure prior to the 2018 listing. (*Id.* ¶¶ 2, 20, 34.) Renters, Bayou, and Tetrad caused tax assessment issues which led to liens on the property and accessed Plaintiff's assets and equity without Plaintiff's knowledge or consent. (*Id.* ¶ 34.) In 2018, Tetrad and Bayou City executed a deed of trust for the property for $70,000 without title insurance. (*Id.* ¶ 40.) Ace Realty appeared as the lienholder for the Bayou City and Tetrad transaction. (*Id.*

---

[2] Record citations are material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

¶ 42.) In addition, South Land insured transactions which its principal, Patrick Doyle, profited from by engaging in both the mortgaging and the title insurance of the property. (*Id*. ¶¶ 34, 44.) Defendants have failed to conduct due diligence on ownership. (*Id*. ¶ 32.) Plaintiff asks the Court to grant quiet title to the heirs of J.B. and Nellie Thomas and legal consultation fees. (*Id*. ¶ 45.)

### B. Procedural Background

Plaintiff, representing himself, filed this action against Defendants in connection with their purchase, attempts to sell, and financial transactions regarding the Houston, Texas property. Plaintiff alleges five claims for relief: (1) Slander of Title (as to Defendants Bayou City Homebuyers, Ace Realty Partners, Tetrad Development, and South Land Title); (2) Trespassing, Vandalizing, and Tampering (as to Defendants Bayou City Homebuyers and Renters Warehouse); (3) Negligence (as to all Defendants); (4) Racketeering (as to all Defendants); and (5) Engaging in Insurance Business (as to Defendant South Land Title).

Each defendant has moved to dismiss or transfer this action. Four of the defendants—Bayou City Homebuyers, Tetrad Development, Ace Realty Partners, and South Land Title—insist that the Court lacks personal jurisdiction over them and request that the Court either dismiss or transfer the action to the Southern District of Texas. The fifth defendant, Renters, contends that the claims against it should be dismissed for insufficient service of process or for failure to state a claim, or in the alternative, transferred to the Southern District of Texas.

## DISCUSSION

### I. PERSONAL JURISDICTION

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss. The plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff's "[u]ncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [plaintiff's] favor." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (2010).

Personal jurisdiction over a nonresident defendant is proper when the state long-arm statute permits it, and if the exercise of personal jurisdiction does not violate federal due process. *Fireman's Fund*

*Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996). California's long-arm statute is coextensive with federal due process requirements; accordingly, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-01. To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The two recognized bases for exercising personal jurisdiction over a nonresident defendant are "general jurisdiction" and "specific jurisdiction." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

### A. General Jurisdiction

A forum court may assert general jurisdiction over a nonresident defendant only when the defendant's connections with the forum are "so continuous and systematic as to render them essentially at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (internal quotation marks omitted). For purposes of general jurisdiction, a corporation will be considered "at home" where it has its principal place of business and where it is incorporated. *Id.* at 760–61.

Here, Plaintiff has failed to allege any facts demonstrating that Bayou City, Tetrad, Ace Realty, or South Land are at home in California. (Complaint ¶¶ 1-8.) None of the moving defendant's principal place of business is California, and none is incorporated in California. Rather, Bayou City is incorporated in Texas with its principal office in Houston, Texas. (Dkt. No. 10 ¶ 3.) Tetrad and Ace Realty are Texas limited liability companies with their principal offices located in Houston, Texas. (Dkt. No. 20-1 ¶¶ 3-7.) South Land is a Texas limited liability company with its principal office in Galveston, Texas. (Dkt. No. 36 at 15-16.) (declaration of Patrick F. Doyle).

Plaintiff has thus failed to demonstrate that the Court has general jurisdiction over Bayou City, Tetrad, Ace Realty, or South Land.

### B. Specific Jurisdiction

Specific jurisdiction exists if three prongs are satisfied: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or a resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises

4

out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Schwarzenegger*, 374 F.3d at 802. The plaintiff has the burden of proving the first two prongs; if it does so, the defendant must demonstrate that the court's exercise of personal jurisdiction would be unreasonable. *Id.*

1. First Prong: Purposeful Direction

A purposeful availment analysis "is most often used in suits sounding in contract," while a purposeful direction analysis "is most often used in suits sounding in tort." *Schwarzenegger*, 374 F.3d at 802. Since Plaintiff's claims sound in tort, the purposeful direction analysis applies. The purposeful direction "effects" test requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1128 (9th Cir. 2010).

*a. Intentional Act*

An intentional act is "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger,* 374 F.3d at 806. Plaintiff alleges that Bayou City destroyed the interior and exterior of the property, and during their destruction also trespassed, vandalized, and tampered with the property. (Complaint ¶¶ 20, 33, 34.) In addition, Plaintiff alleges that Bayou City and Tetrad caused tax assessment issues which led to liens on the property, and accessed Plaintiff's assets and equity without Plaintiff's knowledge or consent. (*Id.* ¶ 34.) In 2018, Tetrad and Bayou City allegedly executed a deed of trust for the property for $70,000 without title insurance. (*Id.* ¶ 40.) Ace Realty allegedly appeared as the lienholder for the Bayou City and Tetrad transaction. (*Id.* ¶ 42.) South Land allegedly insured transactions which its principal, Patrick Doyle, profited from by engaging in both the mortgaging and the title insurance of the property. (*Id.* ¶¶ 34, 44.) Finally, all the Defendants, other than Renters, have filed documents on the property. (*Id.* ¶ 32.) These intentional actions satisfy the first prong of purposeful direction.

*b. Expressly Aimed as the Forum State*

Purposeful direction requires the intentional commission of an act by the defendant that is "expressly aimed at the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). The expressly aimed requirement is satisfied when "the defendant is alleged to have engaged in wrongful

5

conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters,* 223 F.3d 1082, 1087 (2000). Plaintiff does not allege any facts that support an inference that Defendants knew that Plaintiff was a resident of California or that Plaintiff had a claim to the property. Plaintiff has therefore failed to show that Defendants targeted acts toward Plaintiff whom they knew to be a California resident. Plaintiff's argument that personal jurisdiction exists because the trust which holds an ownership interest in the property was created in California, and he, the Trustee, is California resident is unavailing. Personal jurisdiction is determined by the defendant's contacts with the forum state and cannot be decisively determined by the plaintiff's contacts no matter how significant they may be. *Walden v Fiore*, 571 U.S. 277, 289 (2014). Plaintiff's own contacts with California do not satisfy the expressly aimed requirement.

Although Plaintiff has alleged additional facts with respect to Bayou City, these allegations likewise fail the express aiming requirement. In particular, Plaintiff alleges that Bayou City's agent, Jim Youngblood, contacted Kathryn Stepanski, the heir's mother, who is a California resident, offering to sell the property. Although Bayou City disavows such contact and Mr. Youngblood attests that "[p]rior to this suit being filed, Bayou City was not aware and did not have any knowledge that another party, let alone someone from California, claimed an interest in the Property," Ms. Stepanski has submitted a declaration attesting that two weeks prior to the filing of this lawsuit, Mr. Youngblood contacted her asking if she wanted to buy the Houston property from him and when she told him she did not need to buy it because she already owned it, he hung up. (*Compare* Dkt. No. 19 ¶ 9 *with* Dkt. No. 1-2 at 2.) Mr. Youngbood denies that that Bayou City has conducted any business in California, nor engaged in marketing or advertising directed at California residents. (Dkt. No. 10 ¶¶ 4-5.)

On a motion to dismiss for lack of personal jurisdiction, "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger,* 374 F.3d at 800. The Court thus assumes that Mr. Youngblood placed the phone call. The phone call, however, is insufficient to meet the express aiming requirement because the harm is not sufficiently linked to California. The "mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden*, 134 S.Ct. at 1126.

Instead, two factors are considered in determining whether an action is expressly aimed at

6

the forum state:

> (1) First, the relationship must arise out of contacts the defendant himself creates with the forum State. . . .
>
> (2) Second, [the] "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.

*Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1144 (9th Cir. 2017) (quoting *Walden*, 134 S.Ct. at 1122). Plaintiff has not alleged that any defendant had contact with California, as opposed to contact with a person who happened to reside in California. In *Walden*, for example, plaintiffs sued a federal Drug Enforcement Agent in Nevada for seizing cash from them at a Georgia airport. *Walden*, 134 S.Ct. at 1120. The Supreme Court held that the Nevada district court did not have personal jurisdiction of the agent because the plaintiffs' alleged harm was not sufficiently linked to Nevada; the plaintiffs would have experienced the same harm regardless of whether they lived in Nevada, California, Mississippi or anywhere else. *Id.* at 1125. The same lack of harm is found in California here. Plaintiff would have experienced the same harm from the damage to and transactions involving the Texas property regardless of where the trust was created and Plaintiff resides. The single phone call to California—the only alleged contact with California—arose out of the events and property in Texas and thus does not satisfy the expressly aimed requirement. *See Morrill*, 873 F.3d at 1144.

In sum, Plaintiff has failed to show that the acts of Ace Realty, Tetrad, and South Land and Bayou City were expressly aimed at California for the purpose of the personal jurisdiction analysis.

*c. Causing Harm that the Defendant Knows is Likely to be Suffered in the Forum State*

The third requirement is satisfied where the defendant has "caused harm that it knows is likely to be suffered in the forum state." *Mavrix Photo, Inc. v. Brand Technologies Inc.,* 647 F.3d 1218, 1231 (2011). Plaintiff does not allege how Ace Realty, Tetrad, and South Land caused him harm they knew was likely to be suffered in California as he does not allege any facts that support an inference that these defendants were aware of him when they acted or that they even knew there was California resident who had a claim over the property. Plaintiff argues Bayou City has caused him harm in California by lowering the sale price and listing the property as a rental which affected Plaintiff's equity, ownership rights, and enjoyment of his property. However, for the defendant to foresee causing harm in the forum state the tort

7

must involve the forum state itself, and not just have some effect on a party who resides there. *Morrill*, 873 F.3d at 1144. Bayou City could not foresee that their actions in Texas would cause Plaintiff harm in California. Plaintiff has thus failed to establish the third requirement as to Ace Realty, Tetrad, and South Land, and Bayou City.

\*\*\*

In sum, the Court finds that Plaintiff has not sufficiently alleged purposeful direction to establish personal jurisdiction over Ace Realty, Tetrad, South Land and Bayou City.

2. <u>Second Prong: Claim Arises from Defendants' Forum Related Activities</u>

Plaintiff also has not shown that the second prong of the specific direction test is met. Under this prong, the claim must be one which arises out of or relates to the defendant's forum-related activities. *Schwarzenegger*, 374 F.3d at 802. To determine whether the defendant's forum-related contacts arise from or relate to the cause of action the Ninth Circuit uses a but-for test. *Matus v. Premium Nutraceuticals, LLC*, 715 F.App'x 662, 663 (9th Cir. 2018) (applying the but-for test to arising from prong). The principal question of the but-for test is: but-for the defendant's contacts with the forum state, would the claims against the defendant have arisen. *Ballard v. Savage*, 65 F.3d 1495, 1500 (1995).

Here, Plaintiff does not allege facts that support an inference that but-for Defendants' contacts with California the claims would not have arisen. All of Defendants' actions giving rise to Plaintiff's claims occurred in Texas. (Complaint ¶¶ 4-7, 34.) Plaintiff's allegation that Tetrad transacted for a property in Sunnyvale with agents from a Nevada company does not arise from or relate to Plaintiff's claims: none of Plaintiff's allegations support an inference that the Sunnyvale property relates to the Houston property in any way. Regarding Ace Realty, Plaintiff's argument that there are minimum contacts in California because Ace Realty transacts with a Virginia Home Loan Corporation for another property located in Houston is unavailing. Plaintiff makes no argument his claims against Ace Realty would not have arisen but-for any contacts with California.

With respect to Bayou City, Mr. Youngblood's contact with Kathryn Stepanski likewise fails to meet the but-for test. In *Morris v. Harley*, the plaintiff sued the defendant in the District of Nevada for violations of the Interstate Land Sales Full Disclosure Act, as well as violation of state tort and contract law, concerning a 99- year lease for a lot in the Dominican Republic, and the defendant responded by

8

moving to dismiss for lack of personal jurisdiction. 720 Fed. Appx. 326, 328 (2017). The Ninth Circuit found that the defendants' later amendment of their land lease agreement in Nevada was not the "but-for" cause of the litigation because the claim was based on the terms of the original agreement signed in the Dominican Republic and the amendment in Nevada merely substituted the properties. *Id*. Thus, the court found that Nevada did not have personal jurisdiction over the defendant. *Id*.

The same is true here. Plaintiff's claims against Bayou City arise out of actions Bayou City took well before Mr. Youngblood's call to Ms. Stephanski; in particular, Bayou City's earlier attempts to sell the Houston property in Texas and related destruction of the Houston property prior to sale. Like the amendment in *Morris*, Mr. Youngblood's contact with California does not establish that but-for the call to Ms. Stephanski, the claims would not have arisen.

Accordingly, the Court lacks personal jurisdiction over Bayou City, Tetrad and Ace Realty, and South Land Title.[3] Given this, the Court need not address Defendants' alternative argument that the Court lacks subject matter jurisdiction. *See Ruhgras AG v. Marathon Oil Co*, 526 U.S. 576, 588 (1999).[4]

## II. RENTERS' MOTION TO DISMISS OR TRANSFER

Although Renters Warehouse did not move to dismiss for lack of personal jurisdiction, it did move to dismiss for insufficient service of process and failure to state a claim.

### A. Service of Process

---

[3] The final prong of the specific jurisdiction test is whether the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Schwarzenegger*, 374 F.3d at 801. (internal citation and quotation marks omitted). The Court only considers the fair play and substantial justice prong if the plaintiff has satisfied the first two prongs of specific jurisdiction. *Id*. at 802. Because Plaintiff has failed to do so, the Court's analysis ends here.

[4] In *Ruhgas*, the Supreme Court held that where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question the court does not abuse its discretion by turning directly to personal jurisdiction." 526 U.S. at 588. The subject matter jurisdiction inquiry raises difficult questions because it is based on Defendants' contention that Plaintiff did not suffer an injury-in-fact since he has not established that the Houston property is a trust asset. However, the Complaint alleges that the property became an asset of the trust through a series of affidavits of heirships. (Complaint ¶¶ 10-19.) Still the question of whether Plaintiff has adequately alleged an interest in the property or his relationship with the owners of the Houston property are far from straightforward. *Savage v. Glendale High Union Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In contrast, the lack of personal jurisdiction is readily apparent.

9

Renters insists that process was insufficient because: (1) Plaintiff was required to personally serve an officer or agent under Federal Rule of Civil Procedure 4(e)(1); (2) Plaintiff did not sufficiently serve Renters by mail under California or Minnesota law; (3) Plaintiff failed to hand deliver the complaint and summons to an officer or agent; and (4) Plaintiff failed to specifically address the summons and complaint to an officer or an agent.[5]

In general, a court lacks jurisdiction over defendants who have not been properly served in accordance with Federal Rule of Civil Procedure 4. *SEC v. Ross,* 504 F.3d 1130, 1138–39 (9th Cir. 2007). Accordingly, Rule 12(b)(5) permits a court to dismiss an action for insufficient service of process. Fed.R.Civ.P. 12(b)(5). When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff does not satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process. *Stevens v. Sec. Pac. Natl Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976). "Dismissals for defects in the form of summons are generally disfavored." *U.S.A. Nutrasource, Inc. v. CNA Ins. Co.,* 140 F.Supp.2d 1049, 1052 (N.D. Cal. 2001). "Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan v. Soc'y Expeditions,* 39 F.3d 1398, 1404 (9th Cir. 1994). "Rule 4 is a flexible rule that should be liberally construed." *United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir. 1984) (internal citations omitted).

Service on a corporation may be made by delivering a copy of the summons and complaint in accordance with state law where the district court is located or the state where service was made. *See* Fed. R. Civ. Proc. 4(e)(1) & 4(h)(1)(A).

1. Service Under California Law

Under California law, a corporation may be served by delivering a copy of the summons and complaint to "the person designated as agent for service of process" or "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or

---

[5] Renters' argument that Plaintiff was required to hand deliver the summons and the complaint to an officer or agent is unavailing because Plaintiff can serve Defendant by mail under either Cal. Civ. Proc. Code § 415.40 or Minn. R. Civ. P. § 4.05.

10

assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10. Plaintiff contends that he served Renters' receptionist which is the equivalent of "a secretary or assistant secretary." However, the USPS tracking confirmation states that a delivery was made to "Front Desk/Reception." (Dkt. No. 6 at 6.) Plaintiff has thus failed to show that the complaint was delivered to an actual person. Even if leaving the package at the desk was sufficient to show that it was left with an actual person, that a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the delivery of that mail does not mean that the same person is authorized by the corporation to accept service of process. *Dill v. Bergquist Construction Co.*, 24 Cal. App. 4th 1426, 1438 (1994). Furthermore, if it is presumed that the complaint arrived at the Renters Warehouse office, it is not presumed that it was received by the persons to be served under Section 416.10. *Id*. at 1442. Therefore, Plaintiff has not met his burden to show that the complaint was left with a proper person under Cal. Civ. Proc. Code § 416.10.

In addition to personal service, "in order to serve a corporate defendant by mail at an address outside the state pursuant to section 415.40, a plaintiff must mail the summons [and the complaint] to a person to be served on behalf of the corporation, i.e., to one of the individuals specified in section 416.10." *Dill*, 24 Cal. App. 4th at 1436. Plaintiff was required to specifically address the summons and complaint to an officer or agent. *Id*. at 1437-38. Here, Plaintiff addressed it to "Renters Warehouse." (Dkt. No. 6. at 6.) However, if plaintiff failed to specifically address it to a person who may be served under Section 416.10, plaintiff may still have substantially complied with the Section 415.40 persons to be served requirement where it was actually received by person who may be served. In *Dill*, the plaintiff failed to specifically address a corporate agent who could be served under Section 416.10, but instead addressed the corporation itself. *Id*. at 1432. The court found that the plaintiff did not substantially comply because the person who actually received the summons was not a person who could be served under Section 416.10. Here, similar facts exist because the plaintiff addressed the service package to "Renters Warehouse" and not an individual person authorized to received service under Section 416.10. As discussed above, Plaintiff has not substantially complied with Section 415.40 because the person who received summons was not a person who could be served under Section 416.10.

2. <u>Service Under Minnesota Law</u>

11

Service on a corporation may also be made by delivering a copy of the summons and complaint in accordance with state law where service was made. *See* Fed. R. Civ. Proc. 4(e)(1). Renters was served in Minnesota. Under Minnesota law, a corporation may be served by delivering "a copy [of the summons] to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons, and if the agent is one authorized or designated under statute to receive service any statutory provision for the manner of such service shall be complied with."[6] Minn. R. Civ. P. 4.03(c).

Plaintiff has failed to show that the person who received the summons or complaint was Renters' officer or managing agent, which is required under Minnesota law. *See* Minn. R. Civ. P. 4.03. A receptionist does not have the express or implied authority to be served where there is no power to exercise independent judgment and discretion in promoting the business of corporation, and her position did not create reasonable certainty that the corporation would be informed of the service. *Duncan Elec. Co., Inc., v. Trans. Data, Inc.*, 325 N.W.2d 811, 812 (1982). Here, Plaintiff offers no facts that show the receptionist has independent judgment over any aspect of Renters' business or that the position of receptionist creates reasonable certainty that the corporation would be informed. Plaintiff has not met his burden to show that the receptionist was a proper agent to be served under Minnesota law.[7]

\*\*\*

In sum, Plaintiff failed to properly serve Renter's Warehouse.

### B. Federal Rule of Civil Procedure 4(m)

Renters argues that because it has not been properly served the Court should dismiss the action without prejudice under Rule 4(m). Rule 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But

---

[6] Further, as California law, Minnesota law requires waiver of formal service and a return. *See* Minn. R. Civ. P. 4.05. Neither of which Plaintiff has established.

[7] Plaintiff also contends that Delaware law is also applicable because Renters is a Doing Business As alias for RW National Holdings, LLC, which is a Delaware corporation. Defendant disavows any such relationship and notes that Minnesota Secretary of State public records show that Renters is a Minnesota limited liability company. Under these circumstances, Plaintiff has thus failed to show that Delaware law would apply here.

12

if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)." Fed. R. Civ. Proc. 4(m).

District courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (2007). However, the court's discretion is not limitless. *Id*. at 473. In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Id.* (internal citations omitted). In light of potential statute of limitations problems that may arise if Plaintiff refiles in Texas, Plaintiff's apparent good faith attempt to serve Renters in Minnesota, the lack of prejudice to Renters, and the fact that Renters now has actual notice of the lawsuit and was able to defend itself in the action, the Court declines to dismiss pursuant to Rule 4(m). Instead, Plaintiff has 30 days to properly serve Renters.

## III. TRANSFER OF THE ACTION

Defendants Bayou City, Tetrad Development, Ace Realty Partners, Renters Warehouse, and South Land move for transfer of venue to the Southern District of Texas-Houston Division. Defendant Renters Warehouse separately requests transfer should the Court deny its motion to dismiss for improper service or failure to state a claim. Because the Court concludes that it lacks personal jurisdiction of Bayou City, Tetrad, Ace Realty and South Land it has discretion to transfer the claims against them to the Southern District of Texas if doing so is in the interests of justice. 28 U.S.C. § 1631; *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'").

The Southern District of Texas has personal jurisdiction over Bayou City, Tetrad, Ace Realty, and South Land because they are Texas companies and their principal offices are in Houston, Texas. Further, transfer is in the interest of justice because the events which gave rise to the slander of title, trespass, negligence, racketeering, and Texas Insurance law claims all occurred in Houston, Texas. (Complaint ¶¶ 32-44.) Additionally, the property is located in Houston, Texas, which is in the Southern District of Texas. (*Id*. ¶ 9.) Accordingly, pursuant to Section 1631 transfer of the action against Bayou City Homebuyers, Tetrad Development, Ace Realty Partners and South Land Title to the Southern District of Texas is in the interest of justice.

13

Transfer of the claims against Renters Warehouse is also warranted. The Court has discretion to transfer a case to another district pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). To determine convenience and fairness, this District commonly articulates the following relevant factors in a motion to transfer venue:

(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to evidence; (5) familiarity of each forum with applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum.

*Martin v. Global Tel\*Link Corp.*, No. 15-cv-00449-YGR, 2015 U.S. Dist. LEXIS 59474, 2015 WL 2124379, at \*2 (N.D. Cal. May 6, 2015) (collecting cases); *see also Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (same). "No single factor is dispositive." *Ctr. for Biological Diversity v. Kempthorne*, No. C 08-1339 CW, 2008 WL 4543043, at \*2 (N.D. Cal. Oct. 10, 2008). Instead, "[w]eighing of these factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). Further, "[t]his list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Martin*, 2015 WL 2124379, at \*5.

"It is not enough for the defendant to merely show that it prefers another forum, and transfer will also not be allowed if the result is merely to shift the convenience from one party to another." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014); *see also Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP, 2006 WL 4568799, at \*2 (C.D. Cal. Feb. 27, 2006) (stating that the defendant "must demonstrate that the present forum will result in a clear balance of inconvenience to him or her"). Vague generalizations or conclusory declarations are insufficient to meet this burden. *See Forte Capital Partners v. Harris Cramer*, No. C07-01237 MJJ, 2007 WL 1430052, at \*2 (N.D. Cal. May 14, 2007). As discussed below, the majority of applicable factors weigh in favor of transfer of the claims against Renters Warehouse to the Southern District of Texas.

14

1. Plaintiff's Choice of Forum

In general, "a plaintiff's choice of forum is afforded substantial weight." *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001). Typically, the Court recognizes the "strong presumption in favor of" Plaintiffs' choice of forum in this District." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255(1981). That presumption may be overcome, however, "when the private and public interest factors clearly point towards trial in the alternative forum." *Id.* Moreover, the plaintiff's choice receives less deference where the action has little connection with the chosen forum. *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) (internal quotations omitted); *See Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (finding the "degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint").

Here, the alleged destruction, trespassing, vandalizing, and tampering occurred in Texas because the property is located there. Plaintiff alleges that Renters listed the Houston property for sale at $369,000 and the listing agent attempted to sell the property without an active real estate license in Texas. (Complaint ¶¶ 20-43.) That the Affidavit of Heirship was executed in California only tangentially relates to the claims against the defendants. Thus, Plaintiff's choice of forum receives less deference because far more facts giving rise to this case, indeed all the material facts, occurred in Texas. *See Showing Animals Respect & Kindness v. United States Coast Guard*, No. 16cv1039 AJB (NLS)), 2016 U.S.Dist.LEXIS 129908, at *9 (S.D.Cal. Sep. 21, 2016) (finding the Plaintiff's choice of forum was entitled to less deference because the events giving rise to Plaintiff's claim occurred in Oregon); *See Hangzhou Chic Intelligent Tech. Co. v. Swagway, LLC*, No. 16-cv-04804-HSG, 2017 U.S.Dist.LEXIS 61265, at *6. (N.D.Cal. Apr. 21, 2017) (finding choice of forum to be neutral because the parties did not assert that the facts giving rise to the action had any connection to the district).

2. Convenience of the Parties

The Court must consider the relative convenience of each forum as it pertains to each party and determine the least inconvenient forum. *See Arete Power, Inc. v. Beacon Power Corp.*, No. C 07-5167 WDB , 2008 WL 508477, at *6 (N.D. Cal. Feb. 22, 2008) ("The law requires us to examine the convenience of all the parties, not just the plaintiff—and to try and identify the forum where the net

inconvenience (to all parties) would be least."); *see also Cung Le v. Zuffa, LLC*, 5:14-cv-05484-EJD, 2015 WL 3488769, at *6 (N.D. Cal. June 2, 2015) (finding convenience factors "weigh [ ] strongly in favor of the transfer [where] this district is not particularly convenient for a majority of those involved").

Here, the Southern District of Texas is a more convenient forum for Renters. Renters Warehouse is a limited liability company headquartered in Minnesota with its Articles of Incorporation filed in Minnesota; however, Renters requests transfer to the Southern District of Texas because it does significant business in Texas, including the Houston area. (Dkt. No. 28-1 ¶¶ 9, 10.) Plaintiff is the only party that is domiciled in California. Because the Southern District of Texas is convenient for the majority of the parties, this factor weighs strongly in favor of transfer.

### 3. The Convenience of the Witnesses and Ease of Access to Evidence

For non-party witnesses the Court's subpoena power extends anywhere within the district and/or one hundred miles of the place of trial. Fed. R. Civ. P. 45(b)(2). Many non-party witnesses are likely to be in Houston because many of the events pertaining to this suit occurred in Houston, Texas, which is over 1,600 miles away. These non-party witnesses are beyond the Court's subpoena power. Therefore, this factor falls in favor of transfer.

### 4. Any Local Interest in the Controversy

"When an action involves an incident occurring in a particular locale, there is a public interest in having the controversy adjudicated in that locale, rather than in a remote forum." *Garcia v. 3M Co.*, No. C-09-01943 RMW, 2009 WL 3837243, at *4 (N.D. Cal. Nov. 16, 2009) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947)). Texas has a greater local interest because the lion's share of the events occurred in Texas. Plaintiff's claims relate to Defendants' purchase, attempts to sell, and financial transactions concerning a Texas property. Moreover, the alleged destruction, trespassing, vandalizing, and tampering must have occurred in Texas because the property is located there. Specifically, Plaintiff's claims against Renters relate to its attempts to sell the property, which is in Texas. Therefore, this factor weighs in favor of transfer.

***

In sum, taking all of the relevant factors into consideration, Renters has shown that transfer to the Southern District of Texas is warranted. Transferring the entire action will efficiently utilize judicial resources and promote consistency

**CONCLUSION**

For the reasons explained above, the Court finds that it does not have personal jurisdiction of Bayou City Homebuyers, Tetrad Development, Ace Realty Partners, and South Land Title. It also finds that Plaintiff did not properly serve Renters Warehouse. Plaintiff is given 30 days to properly serve Renters and the entire action is transferred to the Southern District of Texas-Houston Division pursuant to 28 U.S.C. § 1631 and 1404(a).

This Order disposes of Docket Nos. 9, 20, 28, 36.

**IT IS SO ORDERED.**

Dated: March 8, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E GILMORE-WEBSTER,<br><br>  Plaintiff,<br><br>  v.<br><br>BAYOU CITY HOMEBUYERS INC, et al.,<br><br>  Defendants. | Case No. 18-cv-05702-JSC<br><br>**CERTIFICATE OF SERVICE** |

  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

  That on March 8, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin E Gilmore-Webster
955 Virginia Stree
Berkeley, CA 94710


Dated: March 8, 2019

            Susan Y. Soong
            Clerk, United States District Court

            By:_____
            Ada Means, Deputy Clerk to the
            Honorable JACQUELINE SCOTT CORLEY

18